■ MILTON CHASIN, Appellant, v LAURA CHASIN, Respondent. [600 NYS2d 324] —Weiss, P. J. Appeal from an order of the Supreme Court (Canfield, J.), entered December 1, 1992 in Ulster County, which, *inter alia,* granted defendant's motion to dismiss the complaint for failure to state a cause of action.

The November 16, 1990 judgment of divorce between the parties directed that as part of the equitable distribution award defendant "shall receive $100,000.00 cash from [plaintiff's] pension fund, upon entry of a Qualified Domestic Relations Order" (hereinafter QDRO). The judgment scrupulously sets forth all of the details which are to govern administration of a separate segregated pension account in defendant's name. Notwithstanding the fact that plaintiff had timely filed a notice of appeal to this Court from the judgment in the divorce action, the pension plan established in connection with his professional practice was apparently voluntarily terminated and distribution made to the participants. Defendant was paid a lump sum of $101,575.35 on or about May 7, 1991. In our April 2, 1992 decision in the appeal *(Chasin v Chasin,* 182 AD2d 862), this Court modified the judgment in certain aspects but reaffirmed the establishment of the QDRO. Significantly, the lump-sum cash payment was not part of the record before this Court despite the fact that it had been made approximately one year before the appeal was heard.

In the April 30, 1992 complaint in the instant action, plaintiff seeks recovery of the $101,575.35 lump sum paid to defendant which he contends is now refundable by reason of the modification of the judgment by this Court, plus interest thereon, less adjustments. Supreme Court granted defendant's motion for summary judgment for failure to state a cause of action and denied plaintiff's cross motion for judgment upon undisputed facts. We affirm.

A plain reading of the provisions for the QDRO in the divorce judgment shows it to be devoid of any reference to or any provision for, let alone a requirement to make, a lump-sum payment to defendant. On the contrary, it appears that the pension plan had voluntarily been liquidated and distribution made to its participants. Certainly, defendant's provision for equitable distribution of the pension assets should not be interpreted as a basis for any kind of a refund. Plaintiff candidly concedes that he has not otherwise complied with the provisions of the QDRO which have been explicitly set forth in the divorce decree.

Plaintiff's contentions concerning modification of the pension distribution requirements by this Court *(Chasin v Chasin, supra)* are without merit. Supreme Court correctly dismissed the complaint for failing to state a cause of action.

Mercure, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.